**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MICHAEL GOMILLION, | : | |
| | : | |
| Petitioner, | : | |
| | : | CIVIL NO. 4:14-CV-119-CDL-MSH |
| VS. | : | |
| | : | |
| Warden STANLEY WILLIAMS, | : | |
| | : | PROCEEDINGS UNDER 28 U.S.C. § 2254 |
| Respondent. | : | |
| | : | |

## ORDER

Petitioner Michael Gomillion has filed an application for writ of habeas corpus under 28 U.S.C. § 2254.  (ECF No. 1.)  Plaintiff has also filed a motion for leave to proceed without prepayment of the required filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).  (ECF No. 6.)  However, a review of Petitioner's account certification form states that Petitioner has an average monthly balance of $35.00 for the last six months, with an available balance of $15.60.  (ECF No. 2-1.)  The filing fee required in a § 2254 case is $5.00.  Petitioner's submissions show that he should be able to pay this amount.

Petitioner's Motion to proceed *in forma pauperis* is accordingly **DENIED**. Petitioner shall have **TWENTY-ONE (21) DAYS** from the date shown on this Order to pay the required $5.00 filing fee.  Petitioner is also **ORDERED** to re-file his § 2254 petition on this Court's standard § 2254 forms.  Petitioner's recast petition may only contain the grounds for relief and supporting facts.  Petitioner may not attach any

previously filed exhibits but may reference those exhibits in his petition.  The Clerk of Court is hereby **DIRECTED** provide Petitioner with the standard forms.  Failure to comply with this Order will result in the dismissal of Petitioner's application.

Petitioner has filed several other motions which are currently pending. Specifically, Petitioner has filed a "Motion to Submit 28 U.S.C. § 2254 Certificate of Trial Judge or Called Final Disposition Admissible in Evidence."  (ECF No. 4.)  In this motion, from what the Court can determine, it appears Petitioner is moving the Court to direct the trial judge in his state criminal case to issue a "Certificate of Trial Judge/ Final Disposition" so that he can proceed with his petition in this Court.  In essence, Petitioner is seeking a writ of mandamus in this motion.  However, federal courts have no jurisdiction to direct a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought. *Brown v. Lewis,* 361 F. App'x 51, 56 (11th Cir. 2010).  Thus, Petitioner's motion is **DENIED.**

Petitioner has also filed a "Motion for Rule 23" wherein he asks the Court to release or transfer him pending review of this petition.  (ECF No. 5.)  Petitioner is not entitled to said relief.  Rule 23(a) of the Federal Rules of Appellate Procedure forbids the transfer of a prisoner during the pendency of the appeal of a habeas corpus petition.  Rule 23(b) allows a District Court, within its own discretion, to release a prisoner pending appeal of a habeas corpus petition.  Neither of these rules applies to Petitioner's case. Therefore, Petitioner's motion for Rule 23 relief is **DENIED.**

Lastly, Petitioner has filed a Motion for Appointment of Counsel.  (ECF No. 7.) Generally, there is no right to legal representation in a federal habeas corpus proceeding.

2

*Wright v. West*, 505 U.S. 277, 293 (1992).  Appointment of counsel is proper in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required.  *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c), 28 U.S.C.A. § 2254.  Thus, Petitioner's motion for appointment of counsel is **DENIED**. However, if it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court will entertain a renewed motion.

There shall be no service of process in this case until further order of the Court.

SO ORDERED, this 2nd day of June, 2014.

/s/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE