IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MICHAEL GOMILLION,                                 :
                                                   :
                        Petitioner,                :
                                                   :        CIVIL NO. 4:14-CV-119-CDL-MSH
            VS.                                     :
                                                   :
Warden STANLEY WILLIAMS,                            :
                                                   :        PROCEEDINGS UNDER 28 U.S.C. § 2254
                        Respondent.                :
                                                   :

## ORDER

*Pro se* Petitioner Michael Gomillion, currently confined at the Smith State Prison in Glenville, Georgia, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (ECF No. 1.)  Petitioner is challenging his 2008 Muscogee County convictions for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime.  Petitioner was ordered to pay the filing fee and file a recast petition.  Petitioner has complied with the Court's order.

## I.      Order to Answer

After preliminary review, it is hereby **ORDERED** that Respondent file an answer to the allegations of the petition within sixty (60) days after service of this Order and in compliance with Rule 5 of the Rules Governing Section 2254 Cases.  Respondent shall further inform the Court as to whether the petition provides Petitioner relief under either 28 U.S.C. § 2241 or § 2254.  Either with the filing of the answer or within fifteen (15) days after the answer is filed, Respondent shall move for the petition to be dismissed or

shall explain in writing why the petition cannot be adjudicated by a motion to dismiss. Any and all exhibits and portions of the record that Respondent relies upon must be filed contemporaneously with Respondent's answer or dispositive motion.

No discovery shall be commenced by either party without the express permission of the Court.  Unless and until Petitioner demonstrates to this Court that the state habeas Court's fact-finding procedure was not adequate to afford a full and fair evidentiary hearing or that the state habeas court did not afford the opportunity for a full, fair, and adequate hearing, this Court's consideration of this habeas petition will be limited to an examination of the evidence and other matters presented to the state trial, habeas, and appellate courts.

Pursuant to the memorandum of understanding with the Attorney General of the State of Georgia, a copy of the petition and a copy of this Order shall be automatically served on Respondent and the Attorney General electronically through CM/ECF.  A copy of this Order shall be served by the Clerk upon Petitioner via U. S. mail.  Petitioner is advised that his failure to keep the Clerk of the Court informed as to any change of address may result in the dismissal of this action.

## II.    Pending Motions

Petitioner has filed a second "Motion for Rule 23(a)."  (ECF No. 11.)  Petitioner is again advised that he is not entitled to the relief he seeks.  Rule 23(a) of the Federal Rules of Appellate Procedure (FRAP) forbids the transfer of a prisoner during the pendency of the appeal of a habeas corpus petition.  FRAP Rule 23(b) allows a District Court, within its own discretion, to release a prisoner pending appeal of a habeas corpus petition.

2

Neither of these rules applies to Petitioner's case because the Court has not issued a final judgment as to his habeas petition. Thus, Petitioner's case is not at the appeal stage. For that reason, Petitioner's motion for Rule 23 relief (ECF No. 11) is **DENIED.**

Petitioner has also filed a Motion for Writ of Mandamus. (ECF No. 12.) The Eleventh Circuit has held that "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations. The party seeking mandamus has the burden of demonstrating that its right to issuance of the writ is clear and indisputable." *United States v. Uribe*, 486 F. App'x 823, 824 (11th Cir. 2012) (citations and quotations omitted). A writ of mandamus should only be issued when "(1) the plaintiff has a clear right to the relief requested; (2) the defendant has a clear duty to act; and (3) no other adequate remedy is available." *Davis v. United States,* --- F. App'x ---, 2014 WL 889616, **1 (11th Cir. 2014) (citation omitted).

Because the Petitioner is filing his motion in the federal district court, his use of mandamus is limited. Title 28 of United States Code § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." (emphasis added.) Federal courts have no jurisdiction to issue writs of mandamus directing a state court and its judicial officers in the performance of their duties where mandamus is the only relief sought. *Moye v. Clerk, DeKalb Cnty. Sup. Ct*,

474 F.2d 1275, 1276 (5th Cir. 1973).[1]

Petitioner is serving a term of incarceration of life in prison plus twenty-five years for the above-stated convictions, but seeks a transfer out of prison pending review of his habeas petition pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure. The Petitioner's claims fail to state a legitimate basis for mandamus relief under 28 U.S.C. § 1361. First, the allegations in Plaintiff's request do not allege any duty owed to him which would require the Court to compel intervention on his behalf. Furthermore, Petitioner's request fails to establish any duty owed to him by any *federal agency or employee*. Lastly, the Court has already denied Petitioner's request for Rule 23 relief. As such, Petitioner's motion for writ of mandamus (ECF No. 12) is **DENIED.**

SO ORDERED, this 30th day of June, 2014.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981.